[Civ. No. 1712.    Second Appellate District.—February 18, 1916.]

# J. L. ROBERTSON, Respondent, v. GEORGE A. BALLOU, Appellant.

APPEAL—BRIEFS—CONSTRUCTION OF SECTIONS 953A, 953B, 953C, CODE OF CIVIL PROCEDURE.—On an appeal from a judgment, where the record is presented as provided by sections 953a, 953b, and 953c of the Code of Civil Procedure, under the latter section, in filing briefs on appeal, the parties must print in the briefs, or in a supplement appended thereto, such portions of the record as they may desire to call to the attention of the court.

PROMISSORY NOTE — CONSIDERATION — INNOCENT PURCHASER—INSTRUCTION.—In an action on a promissory note, negotiable in form, and payable to the order of the defendant, who indorsed and delivered it in purchase of certain corporation stock, in which sale the seller gave an option to the purchaser of returning the stock within a certain time, which option it does not appear was ever exercised or the stock returned or offered for return, and there is nothing in the record to show that the note was executed without consideration or procured by fraud, it is not error for the court to refuse to instruct the jury that the burden of proof rested upon plaintiff to show that he purchased the note without knowledge that it was obtained by fraud or without consideration.

APPEAL from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.

The facts are stated in the opinion of the court.

Farnsworth & McClure, for Appellant.

Edwards & Smith, and J. S. Clack, for Respondent.

SHAW, J.—Action to recover upon a promissory note.   In accordance with the verdict of a jury which tried the case, judgment was entered for plaintiff, from which defendant appeals.

The record is presented as provided for by sections 953a, 953b, and 953c of the Code of Civil Procedure, the latter. of which provides that "in filing briefs on said appeal the parties must, however, print in their briefs,  or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."   Appellant makes no attempt to

comply with this provision, but suggests that the court read all of the testimony, which it is claimed "sustains appellant's position in every particular." Notwithstanding appellant's failure to direct our attention to any evidence supporting his contention, we have made an examination of the record sufficient to satisfy us that his claims of error committed by the court in the trial are without foundation.

The note was dated May 27, 1913, negotiable in form, and made payable one year after date to the order of the defendant, who indorsed and delivered the same in the purchase of shares of stock in a corporation known as the Big Four Electric Company. The sale of the stock appears to have been negotiated by one Avery, who at the time of the purchase thereof by defendant gave him a written agreement as follows:

"On and after 10 months after date, if the purchaser desires, he has the option of returning the within named stock at the price paid, together with 10 per cent interest.

"AVERY INVESTMENT COMPANY.
"By FRANK AVERY, Gen. Mangr."

The "within named stock" referred to the stock so purchased by the defendant. Leaving out the question as to Avery's authority to make such an agreement on behalf of the owner of the stock, as to which the record is silent, it does not appear that defendant ever exercised the option to return or offered to return the stock, or ever demanded a return of the money paid therefor, together with interest thereon. For aught that appears to the contrary, he retained, and still retains, the stock, the value of which may have greatly exceeded the amount of the note given in exchange therefor. We find nothing in the record tending to prove that the note was executed without consideration. Nor was there anything in the transaction which, upon the record presented, justifies the claim that the note was procured by fraud. This being true, it was not error for the court to refuse to instruct the jury that the burden of proof rested upon plaintiff to show that he purchased the note without knowledge that it was obtained by fraud or without consideration. The record is entirely silent as to any evidence upon which to predicate such an instruction. It clearly appears that not only plaintiff, but Cross, from whom he obtained the note, were both innocent purchasers, having acquired the

same in the ordinary course of business, each paying therefor substantially its face value, prior to the maturity thereof, and without any notice of the alleged infirmity in the execution thereof.

The appeal is without merit, and the judgment is affirmed.

Conrey, P. J., and James, J., concurred.